UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81640-CIV-MARRA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

VENOL ADAMS,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff United States' Motion for Summary Judgment (DE 10), filed April 15, 2011. Defendant Venol Adams has not filed a response. The Court has reviewed the motion, the pertinent portions of the record, and is otherwise fully advised in the premises.

I. Background

On December 30, 2010, the United States filed a Complaint against Defendant Venol Adams ("Defendant" "Adams") asserting a claim pursuant to 28 U.S.C. § 1345 to recover unpaid student loan funds. (DE 1.)  On February 1, 2011, Defendant filed an answer to the Complaint, wherein he denied the debt is owed, denied he failed to repay the debt and raised a number of affirmative defenses. (DE 6.)

On April 15, 2011, the United States filed the instant motion for summary judgment. (DE 10.)  On April 18, 2011, the Court entered an Order advising Adams of the pendency of the motion for summary judgment. (DE 11.)  A review of the record indicates Adams has not responded to the motion or the Court's Order.

II.  Legal Standard

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  The stringent burden of establishing the absence of a genuine issue of material fact lies with the moving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), and any doubts in this regard should be resolved against the moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp., 477 U.S. at 323.  To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) and (B).

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  Anderson, 477

U.S. at 257.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted."  Anderson, 477 U.S. 242, 249-50.

Actions to enforce promissory notes are suitable classes of cases for disposition by summary judgment.  Colony Creek, Ltd. v. Resolution Trust Corp., 941 F.2d 1323, 1325; Lloyd v. Lawrence, 472 F.2d 313, 316 (5th Cir. 1973).[1]

III.  Discussion

In its motion for summary judgment, the United States moves for judgment as a matter of law on its claim for recovery of unpaid student loan funds. In support, the United States has submitted to the Court its Statement of Material Facts. Pursuant to Rule 7.5 of the Local Rules of the Southern District of Florida, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the opposing party's statement, if and only to the extent supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court." S.D. Fla. L.R. 7.5. Because the Statement of Facts was not controverted by Adams and they are supported by record evidence, the facts are deemed admitted.

The admitted facts are as follows: Defendant secured a federally guaranteed consolidation

---

[1] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

loan.  Defendant defaulted on the Note and demand for payment was duly made. (Statement of Facts ¶ ¶ 2, 4.) The Certificate of Indebtness issued by the United States Department of Education reflects that Defendant secured a consolidation loan under the Higher Education Act, totaling $78,704.78, plus interest.  The Certificate of Indebtness also reflects interest due on the note of $61,440.54 as of April 20, 2010.[2]  (Statement of Facts ¶ 4.)

Based upon the admitted facts and since there is no genuine issue of material fact or applicable legal defense, the Court conclude that the United States is entitled to summary judgment in its favor.

IV.  Conclusion

1) The United States' Motion for Summary Judgment (DE 10) is **GRANTED**.

2) The United States is granted **ten days from the date of entry of this Order** to supply the Court with relevant evidence in support of the present amount owed by Defendant to the United States.  If no evidence is supplied, the Court will issue a judgment consistent with the record evidence supplied by the United States in its motion for summary judgment.

3) The Court will enter judgment for the United States by separate Order once the

---

[2] The United States asserts that, as of March 29, 2011, the current principal balance due from Defendant is $91,272,89, together with interest of $68,199.34.  This assertion, however, is not supported by record evidence as required under Rule 7.5 of the Local Rules of the Southern District of Florida. Since the United States would be entitled to a larger amount if it is supported by evidence, the Court will grant the United States additional time to provide the Court with record evidence to support its claim.

ten days has passed.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 24th day of May, 2011.

_____
KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE